UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Docket No. 2:22-MJ-147 |
| ) | |
| ANTONIO VERGARA, ) | |
|     Defendant. ) | |

**MOTION FOR DETENTION**

The United States of America, by and through its attorney, Nikolas P. Kerest, United States Attorney for the District of Vermont, moves for the pretrial detention of the above-named defendant pursuant to 18 U.S.C. §§ 3142(e) and (f).

1. <u>Eligibility for Detention</u>.  The defendant is eligible for detention because the case involves (1) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, and (2) a serious risk that the defendant will flee. <u>See</u> 18 U.S.C. §§ 3142(f)(1)(C), 3142(f)(2)(a).

2. <u>Reason For Detention</u>.  The Court should detain the defendant because there are no conditions of release which will reasonably assure the safety of the community and the defendant's appearance as required.  The defendant's offense involves a significant quantity of fentanyl, a dangerous and potentially deadly controlled substance, which was intended for distribution.  Notably, on October 27, 2022 – the day following the defendant's arrest – law enforcement located 5,000 additional bags of suspected heroin/fentanyl in the median of Interstate 91, less than half a mile from the location where the defendant's vehicle was disabled by spike strips deployed by the Vermont State Police.  A photograph of this second seizure is included below.  Coupled with the 5,500 bags of fentanyl seized from the defendant's Audi, the estimated weight of the 10,500 total bags of fentanyl seized is approximately 215.25 grams.



The defendant is a repeat offender, having previously been convicted of a felony controlled substance offense, Possession With Intent to Distribute a Class B Drug (cocaine). During that offense, Massachusetts State Police stopped the defendant in a vehicle on Interstate 91, just one approximate mile from the location where Massachusetts State Police began pursuit during the instant offense.  The defendant appears to have been undeterred by his prior arrest and conviction for similar conduct, and the risk of further recidivism poses a substantial risk to the community in light of the dangers associated with the distribution of fentanyl.

Moreover, prior to his instant arrest, the defendant led police on a chase which exceeded 120 miles per hour. His flight continued for approximately 130 miles before he was ultimately apprehended. The defendant's high-speed flight posed a substantial risk to other motorists and demonstrates his disregard for the safety and well-being of others. It also demonstrates that there is a serious risk the defendant will flee if released prior to the resolution of the instant case. This concern is augmented by the fact that the defendant's offense carries a five-year mandatory minimum sentence, providing the defendant with additional reason to evade prosecution.

3. <u>Rebuttable Presumption</u>. The United States will not invoke the rebuttable presumption against the defendant under § 3142(e).

4. <u>Time for Detention Hearing</u>. The United States requests that the Court conduct the detention hearing following the Pretrial Services Office's completion of its report.

Dated at Burlington, in the District of Vermont, October 27, 2022.

Respectfully submitted,

UNITED STATES OF AMERICA

NIKOLAS P. KEREST
United States Attorney

By: */s/ Nathanael T. Burris*
NATHANAEL T. BURRIS
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
nate.burris@usdoj.gov